IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ALLEN B. SHELTON, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 16-0606-WS-C |
| | ) |
| CLINT RUFFIN, JR., et al., | ) |
| | ) |
|    Defendants. | ) |

**ORDER**

This matter is before the Court on the plaintiff's motion to remand. (Doc. 11). The defendants filed a response, (Doc. 14), the plaintiff declined the opportunity to file a reply, (Doc. 13), and the motion is ripe for resolution.

The defendants removed on the grounds of diversity. There is no question that the parties are completely diverse, but the plaintiff insists that the amount in controversy does not exceed $75,000, exclusive of interest and costs. This despite the complaint's *ad damnum* clause – repeated five times – by which the plaintiff "demands compensatory and punitive damages in excess of $75,000 to be determined by the trier of fact, plus costs of this action." (Doc. 1 at 8-11). The plaintiff asserts that this language is an artifact from an earlier version of the complaint, drafted when the plaintiff anticipated filing in federal court and before his counsel concluded his injuries were insufficient to satisfy the jurisdictional threshold. (Doc. 11-2).

The Eleventh Circuit has made explicitly clear that, when a complaint demands a specific sum (or more than, or less than, a specific sum), the plaintiff's demand is sacrosanct unless it is shown to a "legal certainty" that the amount in controversy really is less than (or more than, as the case may be) the amount expressly demanded. This is true when the plaintiff files in federal court

demanding damages exceeding the jurisdictional amount, and it is equally true when the plaintiff files in state court demanding damages below the jurisdictional amount and the defendant nevertheless removes to federal court. *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1094, 1095 (11th Cir. 1994). It is also true when, as here, the plaintiff's state-court complaint expressly demands more than the jurisdictional amount. *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1315 (11th Cir. 2002) ("Thus, when the complaint seeks damages exceeding $75,000, a removing defendant may rely on the plaintiff's valuation of the case to establish the amount in controversy unless it appears to a legal certainty that the plaintiff cannot recover the amount claimed."). There is no exception for demands resulting from attorney error. *See Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 n.8 (11th Cir. 1996) ("The 'legal certainty' test is derived from the situation where a plaintiff's state court prayer specifies damages in excess of the amount-in-controversy requirement. [citation omitted] Such a prayer is contrary to a plaintiff's forum-selection interests, and it is therefore proper to presume the plaintiff's presentation is an appropriate estimate."), *abrogated in part on other grounds*, *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000) (*en banc*).

To discount a plaintiff's express demand for more than $75,000, it must appear "to a legal certainty that a reasonable jury could not have found [the plaintiff's] damages sufficient to invoke federal jurisdiction." *Dassinger v. South Central Bell Telephone Co.*, 505 F.2d 672, 674 (5th Cir. 1974); *accord Lee v. Kisen*, 475 F.2d 1251, 1253 (5th Cir. 1973); *Raye v. Employer's Insurance*, 345 F. Supp. 2d 1313, 1317 (S.D. Ala. 2008). The plaintiff has made no effort to meet this daunting burden,[1] and it is plain he could not do so. The complaint alleges that, as a result of the defendants' tractor trailer rear-ending the plaintiff's vehicle

---

[1] Instead, he faults the defendants for "produc[ing] no evidence" of the nature and extent of his damages. (Doc. 11 at 2). As discussed in text, the plaintiff has the shoe on the wrong foot.

at a stop light, the plaintiff suffered "serious physical injuries," had a "complete loss of property," incurred medical bills and other financial losses, and suffered both emotional distress and pain and suffering.  Although all five counts are labeled as "negligence" counts, two of them assert the defendants acted wantonly, which would support an award of punitive damages under Alabama law.  Since a reasonable jury might (or might not) award over $75,000 based on such injuries and conduct, the plaintiff cannot meet the legal certainty standard.

For the reasons set forth above, the motion to remand is **denied**.

DONE and ORDERED this 28th day of March, 2017.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE