IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ALLEN B. SHELTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 16-0606-WS-C |
| | ) |
| CLINT RUFFIN, JR., et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court on the plaintiff's motion for leave to amend the complaint. (Doc. 12). The defendant declined the opportunity to object, (Doc. 13), and the motion is ripe for resolution. Accordingly, the motion is **granted**. The plaintiff is **ordered** to file and serve his proposed amended complaint, (Doc. 12-1), on or before **April 4, 2017**.[1]

DONE and ORDERED this 28th day of March, 2017.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[1] The plaintiff appears to believe that, once this motion is granted and the amended complaint filed, he will be able to achieve remand to state court. He is mistaken. The existence of subject matter jurisdiction depends on the complaint as it exists at the time of removal, not later, and the Court's denial of the plaintiff's motion to remand establishes that subject matter jurisdiction existed at the critical time. The amended complaint does not reduce the amount in controversy below $75,000 (it merely omits the explicit demand for more than $75,000), but even if it did so, "post-removal amendments to the complaint to reduce the damages claimed … do not oust the district court's jurisdiction." *Nelson v. Whirlpool Corp.*, 727 F. Supp.2d 1294, 1301 (S.D. Ala. 2010) (internal quotes omitted). The plaintiff's contrary reading of Section 1447(c) is foreclosed by binding precedent. *Poore v. American-Amicable Life Insurance Co.*, 218 F.3d 1287, 1290-91 (11th Cir. 2000), *overruled in part on other grounds, Alvarez v. Uniroyal Tire Co.*, 508 F.3d 639, 641 (11th Cir. 2007); *accord PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1306 (11th Cir. 2016).